CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/27/2020
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| AL-QAHIRA B.,[1] | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    **Civil Action No. 6:19-cv-52** |
| | ) |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
|    Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Al-Qahira B. ("Al-Qahira")[2] filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") that he was not disabled and therefore not eligible for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433, 1381–1381f. This Court has jurisdiction pursuant to 42 U.S.C. §1383(c)(3). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B). I have carefully reviewed the administrative record and the applicable law and recommend dismissing Al-Qahira's case for failure to prosecute.

---

[1] Due to privacy concerns, I am adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

[2] The complaint also lists Rose Wheeler as a plaintiff in this case, and repeatedly refers to Ms. Wheeler as Al-Qahira's "advocate" and "attorney." See Dkt. 2. Ms. Wheeler has not filed any pleadings or otherwise taken action in this case and is not properly named as a plaintiff. Ms. Wheeler is further prohibited from acting as Al-Qahira's attorney or advocate in this case, as doing so would constitute the unauthorized practice of law. See Va. Code § 54.1-3904.

## PROCEDURAL HISTORY

Al-Qahira filed a Complaint against the Commissioner on August 12, 2019. Dkt. 2. The Commissioner filed its Answer and the Administrative Record on January 2, 2020. Dkt. 7 & 9. Pursuant to Local Rule 4(c), the court entered a Social Security briefing notice on January 3, 2020, requiring Al-Qahira to file by February 3, 2020, "a brief addressing why the Commissioner's decision is not supported by substantial evidence or why the decision otherwise should be reversed or the case remanded." Dkt. 10. See W.D. Va. Gen. R. 4(c)(1).

On May 19, 2020, the court entered an Order to Show Cause instructing Al-Qahira to file a brief in accordance with the briefing notice on or before June 2, 2020, or otherwise show cause why this action should not be dismissed for failure to prosecute. Dkt. 11. Al-Qahira did not file a brief as directed, and the Court entered a Second Order to Show Cause on June 12, 2020, once again instructing Al-Qahira to file a brief in accordance with the social security briefing notice by June 22, 2020, or otherwise show cause why the action should not be dismissed for failure to prosecute. Dkt. 12. Al-Qahira was again admonished that the failure to comply with the order may result in the action being dismissed without further notice. The court's orders were mailed to both Al-Qahira and Ms. Wheeler at their separate addresses of record. The Court's mailings of both show cause orders to Al-Qahira were returned as undeliverable with no forwarding address. See Dkt. 13 & 14. To date, Al-Qahira has not filed a brief or responded to the Court's orders.

## ANALYSIS

### Applicable Law

Rule 41(b) of the Federal Rules of Civil Procedure allows for the involuntary dismissal of a case for failure to prosecute, and a district court may dismiss a case with

2

prejudice for failure to prosecute on its own motion. Fed. R. Civ. P. 41(b); see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (citing Link v. Wabash R. Co., 370 U.S. 626 (1962)). In determining whether involuntary dismissal for failure to prosecute is appropriate under Rule 41(b), courts examine "(1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction." Craft v. Astrue, No. 1:10CV9, 2012 WL 6569021, at *1, *2 (M.D.N.C. Dec. 17, 2012); see Davis, 588 F.2d at 70.

*Pro se* litigants, such as Al-Qahira, "are not held to the same high standards as attorneys." Craft, 2012 WL 6569021 at *1, (citing Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, such litigants "are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989). Consequently, *pro se* litigants are subject to Rule 41(b). See id. "Where a plaintiff fails to prosecute her Social Security appeal, dismissal is a necessary and appropriate remedy for the efficient administration of justice." Hill v. Berryhill, No. 1:18-cv-167, 2019 WL 3034671, at *3 (N.D.W. Va. July 22, 2019).

## **Discussion**

Al-Qahira has failed to prosecute his claim and to comply with orders of the Court, including the Social Security briefing notice and two orders to show cause, and thus, his suit is subject to dismissal under Rule 41. Al-Qahira failed to take any appreciable steps toward prosecuting his claim since filing his complaint and issuing the required accompanying

summonses over ten months ago, leaving the Court no choice but to assume that he has elected not to pursue it.

Further, the Court's most recent mailings to Al-Qahira's last known address were returned as undeliverable, despite the requirement that Al-Qahira provide the court with an address where he can be served with notice. W.D. Va. Civ. R. 11(a). "[T]he failure to keep the Court informed of a new address constitutes a failure to prosecute." Hill, 2019 WL 3034671, at *3 n. 4 (collecting cases). The docket reflects that Al-Qahira visited the Clerk's Office on August 18, 2019, and reported difficulty receiving mail at his address of record. Al-Qahira indicated that he could receive mail at his mother's house, but did not provide that address. The Clerk suggested that Al-Qahira file a notice of address change with the Clerk's Office, but Al-Qahira did not do so. Reviewing the docket, it appears that Al-Qahira listed his return address on one of the summons forms issued in this case as 908 Floyd Street, Apt. D14, Lynchburg, VA 24501. Dkt. 5. Accordingly, out of an abundance of caution, I will instruct the Clerk to mail this Report and Recommendation to both Al-Qahira's address of record and the 908 Floyd Street address.

In considering the four factors for involuntary dismissal under Rule 41(b), I find that each factor weighs in favor of dismissal. First, while "[p]ro se litigants are entitled to some deference from courts," Ballard, 882 F.2d at 96, Al-Qahira was solely responsible to pursue his claim and failed to do so for almost a year despite court orders. Second, Al-Qahira's failure to pursue the claim has left the Commissioner unable to address and dispense with the claim after being required to file its Answer and the Administrative Record. Third, Al-Qahira has had since

4

January 3, 2020, to file his brief, and was reminded to do so by way of the show cause orders entered on May 19, 2020 and June 12, 2020. Finally, Al-Qahira failed to take any action related to the claim since September 2019, making dismissal the appropriate action under Rule 41(b), as the Fourth Circuit has held that a district court does not abuse its discretion in dismissing a case by its own motion for a plaintiff's failure to prosecute a claim and to comply with a court order. Davis, 588 F.2d at 70. Consequently, dismissal is an appropriate sanction for Al-Qahira's failure to prosecute this action and his non-compliance with the Court's Order.

## CONCLUSION

Accordingly, I **RECOMMEND** that the court enter an order **DISMISSING** this case without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and striking the case from the court's active docket.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record and the *pro se* plaintiff. The Clerk is directed to mail this Report and Recommendation to the *pro se* plaintiff at both his address of record and 908 Floyd St., Apt. D14, Lynchburg, VA 24501.

Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof.   Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties.   Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any

reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Enter: July 27, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge